IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv209

| | |
|---|---|
| MARY ANN CASTLE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Unopposed Motion for Extension of Time [Doc. 7] and the Plaintiff's related Motion to Substitute Party Upon Death of Claimant. [Doc. 6].

Plaintiff's counsel offers as cause for her Motion [Doc. 7] that the Plaintiff, Mary Ann Castle, died on December 6, 2010. [Doc. 6-1]. Counsel proffers the required documentation, but the Certificate of Death lists the Cause of Death as pending.

Using a form accepted by the Social Security Administration Office of Hearings and Appeals, Plaintiff's counsel proposes to substitute Plaintiff's surviving divorced spouse, as an eligible person to carry on her cause of action for a closed period of benefits through the date of her death. [Doc. 6-2]. Neither this check-box form nor Plaintiff's Motion explains how the

surviving divorced spouse is the real party in interest in this appeal to the District Court, other than via the unsupported assertion that he is Plaintiff's sole heir. Of course, one who is divorced from a decedent cannot be an heir at law of such decedent. In the absence of information to the contrary, it would appear that the Administrator/Executor of her Estate is the real party in interest, and is better positioned than the Court to determine, and distribute benefits to, her heir[s]. Id.

The Court will allow Plaintiff a thirty day extension of time for good cause shown. The Court will deny the Motion to Substitute, without prejudice to the parties' right to file, within the same thirty days, supplemental information about the following:

1. The State Medical Examiner's final determination of Plaintiff's cause of death.
2. Demonstrating how the surviving divorce spouse is the real party in interest in this matter, or changing the substituted party to Plaintiff's estate administrator, executor or personal representative.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Extension of Time [Doc. 7] is **DENIED** because there is no present real party in interest prosecuting this case. The Court will, however, *sua sponte*, amend the scheduling order in this case to allow for an extension of time up to and

including March 5, 2011 for the filing of a Motion for Summary Judgment by a successor to the Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Party [Doc. 6] is **DENIED**, without prejudice to the parties' right to file supplemental information on or before March 5, 2011, about the following:

1. The State Medical Examiner's final determination of Plaintiff's cause of death.
2. Demonstrating how the surviving divorce spouse is the real party in interest in this matter, or changing the substituted party to Plaintiff's estate administrator, executor or personal representative.

**IT IS SO ORDERED.**

Signed: February 8, 2011

Martin Reidinger
United States District Judge